IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMIE LYNN STROUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:24-CV-822-WKW |
| | ) [WO] |
| JIMMY ABBOTT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for a More Definite Statement. (Doc. # 12.) For the reasons explained, the motion will be granted in part and denied in part.

**I.   Subject Matter Jurisdiction**

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

**II.   Plaintiff's Complaint**

Plaintiff Jamie Lynn Stroud filed this 42 U.S.C. § 1983 action against Sheriff Jimmy Abbott for events occurring during his confinement at the Tallapoosa County Jail in Dadeville, Alabama. (Doc. # 1 at 2, 3.)  Using a preprinted form designed for inmates to initiate § 1983 actions, Plaintiff alleges inadequate medical care for a broken foot, which has not healed properly, resulting in significant difficulty walking. (Doc. # 1 at 5.)  He contends that, despite a physician's recommendation

for surgery, unnamed individuals—designated only as "they"—have denied him access to a doctor and have not given him any medications due to a prior incident where he "got caught with meds." (Doc. # 1 at 3, 5.) Plaintiff reports filing four or five unanswered grievances seeking medical attention, stating that "there is nothing else [he] can do." (Doc. # 1 at 4, 6.) The incidents underlying this claim occurred within the six months preceding the complaint's filing. (Doc. # 1 at 5.) Plaintiff requests surgery for his foot to be able to "walk and work again," as well as compensation for pain and suffering. (Doc. # 1 at 5.)

### III. Defendant's Motion for a More Definite Statement

Defendant moves the court under Rule 12(e) to require Plaintiff to clarify the Complaint, arguing that it lacks "factual and legal specificity." (Doc. # 12 at 1.) Defendant criticizes the Complaint as being vague and conclusory, lacking details about the legal basis for the claims, and missing specifics regarding the time, place, and manner of the alleged conduct. Defendant contends that, while the Complaint mentions improper medical treatment and multiple grievances, it contains only "generalized assertions of constitutional violations" and fails to identify the statutory basis for the claims or specify the relief sought. (Doc. # 12 at 2–3.)

Additionally, Defendant argues that the Complaint constitutes an impermissible "shotgun pleading" in that it fails to provide adequate notice of the claims and the grounds upon which each claim rests. (*Id.*) He further contends that

the lack of factual coherence in the Complaint prevents him from formulating an adequate response or asserting appropriate defenses.  Hence, he requests the court to order the Plaintiff to file a more definite statement detailing "each specific claim," "the factual basis for each claim, including dates and persons involved," "which defendant each claim is directed," and "the relief sought."  (Doc. # 12 at 3.)

**IV.     Legal Standard**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "The motion . . . must point out the defects complained of and the details desired."  *Id.*

The standard for granting a Rule 12(e) motion focuses on whether the pleading is unintelligible, rather than lacking in detail.  *Wyndham Vacation Ownership, Inc. v. Clapp Bus. L., LLC*, 411 F. Supp. 3d 1310, 1318 (M.D. Fla. 2019).  Additionally, Rule 12(e) should be considered in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  In the federal system, notice pleading is used, meaning that a pleading must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Motions for a more definite statement generally

3

are disfavored due to liberal discovery practices. *Scarfato v. The Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

Courts should grant, however, a Rule 12(e) motion when a complaint is a "shotgun pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (explaining the defendants' options when faced with a shotgun pleading, including that they can move for a more definite statement); *see generally Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'") (citing Fed. R. Civ. P. 8(a)(2), 10(b)).[1] Finally, although pleadings by *pro se* litigants are subject "to less stringent standards than formal pleadings drafted by lawyers," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), they still must comply with the Federal Rules of Civil Procedure. *Muhammad v. Muhammad*, 561 F. App'x 834, 837 (11th Cir. 2014).

---

[1] In *Weiland*, the Eleventh Circuit identified four categories of shotgun complaints, namely, (1) those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do "not separat[e] into a different count each cause of action or claim for relief"; and (4) those that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." 792 F.3d 1321–23 (citations omitted)).

## V.     Discussion

Defendant has expressed multiple concerns about imprecisions in Plaintiff's pleading.  Although most of the concerns lack merit, the Complaint's failure to specify Defendant's particular actions or omissions deprives Defendant of fair notice of the claims against him.

For example, contrary to Defendant's unwarranted concerns, the Complaint does not exhibit the characteristics of a typical shotgun pleading.  First, the Complaint, designed as a form for *pro se* inmates, is organized into clear sections, including "The Parties to this Complaint," "Basis for Jurisdiction," "Statement of Claim," "Injuries," "Relief," and "Exhaustion of Administrative Remedies."  (*See generally* Doc. # 1.)  Due principally to Plaintiff's adherence to its form-based nature, the Complaint does not incorporate all preceding allegations into each count. Instead, it presents distinct allegations under § 1983 for the deprivation of proper medical care, specifically detailing the denial of access to medical treatment for Plaintiff's broken foot, including surgery and medication, and the resulting injuries. Second, the claims connect the denial of medical care and the resulting injuries to a violation of rights protected by § 1983, and those protected rights include federal constitutional rights.  Although the Complaint does not explicitly name any constitutional amendment, it is sufficiently defined for Defendant to discern the rights at stake.  Third, the Complaint names only one Defendant, Sheriff Jimmy

5

Abbott, and does not assert claims against multiple parties. Therefore, it is unnecessary for Plaintiff to specify to *which defendant* each claim is directed, as there is only one Defendant involved. (Doc. # 12 at 3.) Fourth, contrary to Defendant's assertion that "Plaintiff fails to identify the statutory basis for his claims, such as whether he is asserting violations under 42 U.S.C. § 1983" (Doc. # 12 at 2), the Complaint specifically invokes § 1983. (*See, e.g.*, Doc. # 1 at 3.)

The Complaint is, however, vague and ambiguous as to how Defendant's actions violated the United States Constitution. *See* Fed. R. Civ. P. 12(e). The Complaint must state with "some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation and internal quotation marks omitted). Supervisory officials, like an Alabama sheriff, [2] cannot be held "liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (citation and internal quotation marks omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions

---

[2] Under Alabama law, "[t]he sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto . . . ." Ala. Code § 14-6-1 (1975).

of a supervising official and the alleged constitutional deprivation." *Id.* (citation and internal quotation marks omitted).

Plaintiff's allegations fail to provide Defendant with fair notice of his involvement in the allegations giving rise to the claims. The Complaint merely provides that unnamed individuals, referred to as "they," have denied the Plaintiff access to a doctor and withheld medications. (Doc. # 1 at 3, 5.) This vague and ambiguous reference to "they" does not adequately inform Defendant of who is allegedly responsible for the denial of medical care, nor does it specify the actions or omissions attributed to Defendant himself. The absence of allegations regarding Defendant's personal involvement or a causal connection between his actions and the alleged constitutional violation leaves Defendant without sufficient information to understand the nature of the claim or to prepare an appropriate defense. Additionally, the Complaint does not indicate in which capacity Defendant is sued, as neither box—"individual capacity" or "official capacity"—is checked. (Doc. # 1 at 2.)

## VI. Conclusion

Based on the foregoing, it is ORDERED that Defendant's Motion for a More Definite Statement (Doc. # 12) is GRANTED in part, and Plaintiff is ORDERED to file, **on or before July 17, 2025**, a more definite statement in accordance with the directives herein. The motion otherwise is DENIED.

Plaintiff is expressly cautioned that a failure to comply with the terms of this Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 26th day of June, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE