IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAMIE LYNN STROUD,       )
                      )
       Plaintiff,       )
                      )
       v.            )     CASE NO. 3:24-CV-822-WKW
                      )         [WO]
JIMMY ABBOTT,        )
                      )
       Defendant.    )

## ORDER

Plaintiff Jamie Lynn Stroud filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Jimmy Abbott, alleging violations of his rights under the Constitution or laws of the United States.  (Doc. # 1.)  Defendant responded to the complaint by filing a motion for more definite statement.  (Doc. # 12.)  In an Order entered on June 26, 2025, Plaintiff was directed to file a response to Defendant's motion by July 17, 2025 ("June 26 Order").  (Doc. # 14.)  The June 26 Order expressly cautioned Plaintiff that his failure to comply would result in dismissal for failure to prosecute and comply with the court's Order, without further notice.  (*Id.* at 8.)  To date, Plaintiff has not submitted a response to Defendant's motion for a more definite statement as required by the June 26 Order.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and

expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Plaintiff has not complied with the June 26 Order, despite its express directives.  Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay,

given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 20th day of August, 2025.

_____
/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE